**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **SHARON STADAKER-ENLOW,** as surviving spouse of **ROGER D ENLOW, deceased** | ) | FTCA HEALTH CARE CLAIM<br>FTCA PREMISE LABILITY CLAIM |
| Plaintiff, | ) | |
| **vs.** | ) | **NO.** ______________ |
| | ) | Judge: |
| **UNITED STATES,** | ) | Magistrate: |
| Defendant. | ) | |

**COMPLAINT**

Comes the Plaintiff, Sharon Stadaker-Enlow, as the surviving spouse of the VA patient, Roger D. Enlow, and pleads a tort claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq* for a personal injury claim passing to his surviving spouse after, and non-derivative from, his death; hereafter pleading as follows:

**1.** **Plaintiff.** The Plaintiff, Sharon Stadaker-Enlow, is a female adult citizen and resident of the State of Tennessee and of the judicial district of this Court. She is the surviving spouse of the VA patient, Roger D. Enlow (hereafter referred to as the "PATIENT ENLOW"), who suffered a personal injury in his patient room on September 30, 2020 and thereafter died on March 21, 2021. The death was not a derivative from the September 30, 2020 injury; this therefore being a personal injury claim and not a wrongful death claim. His right of action arising

from the injury did not abate at his death but passed to his surviving spouse, the Plaintiff, who is his legal representative for this personal injury claim by virtue of Tenn. Code § 20-5-102 and Tenn. Code§ 20-5-106.

2. **Defendant.** The Defendant is the United States.

3. **Federal Agency.** This tort claim is a claim for money damages against the United States for personal injury caused by the negligent or wrongful act or omission of employees of a federal agency of the United States government while acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the place where the act or omission occurred. The federal agency in this claim is the Department of Veterans Affairs. The place of occurrence of the acts or omissions is the Department's Nashville Campus of the Department's Tennessee Valley Healthcare System in the State of Tennessee, commonly known as the VA Medical Center in Nashville (hereafter referred to as the "VA Hospital").

4. **Section 2675(a) Compliance.** As a prerequisite for commencing this action, the Plaintiff has complied with 28 U.S.C. § 2675(a). The Plaintiff, within two (2) years from date of injury on September 30, 2020, presented the claim to the Department of Veterans Affairs by hand delivery on September 28, 2022, under Form 95 prescribed by the U.S. Department of Justice. By letter dated December 21, 2022, the agency denied the claim.

**5.** **Jurisdiction and Venue.** This Court has jurisdiction under 28 U.S.C. § 1346 and 28 U.S.C. § 2401. Venue is in the Middle District of the U.S. District Court, the judicial district of this Court.

## FACTS AND OCCURRENCES

**6.** On September 30, 2020, the PATIENT ENLOW was 66 years of age and weighed 340 pounds.

**7.** On September 30, 2020, the PATIENT ENLOW was confined to his patient room in the VA Hospital. The room had an adjoined "bathroom".

**8.** On September 30, 2020, the PATIENT ENLOW had a history of falling during the past 3 months.

**9.** On September 30, 2020, the PATIENT ENLOW had a high risk for falls.

**10.** On September 30, 2020, the PATIENT ENLOW required ambulatory aid.

**11.** On September 30, 2020, the "bathroom" in PATIENT ENLOW's patient room flooded with water.

**12.** On September 30, 2020, the PATIENT ENLOW was ambulating past his room's bathroom using a rolling walker, stepped into water and slipped/fell.

**13.** On September 30, 2020, the PATIENT ENLOW suffered from the fall a comminuted intra-articular distal radius fracture in his right hand.

**14.** Prior to the fall on September 30, 2020, no fall precautions or interventions had been implemented by the VA Hospital's nursing employees to prevent falls by the PATIENT ENLOW.

## HEALTH CARE LIABILITY

**15.** The injury and damages were caused by the negligent and wrongful conduct, acts and omissions of the employees, and all persons acting in an official capacity on behalf, of the U.S. Department of Veterans Affairs (the "VA") in the medical care provided the PATIENT ENLOW.

**16.** The failure of said employees to assess the need of the PATIENT ENLOW for the implementation of precautions and interventions to prevent falls was a breach of the recognized standard of acceptable professional practice in the profession of nursing care under the Tennessee Health Care liability law, **Tenn.**

**Code Ann. § 29-26-115**, thereby causing the injury and damages from the PATIENT ENLOW's fall on September 30, 2020.

**17.** The failure of said employees prior to September 30, 2020 to implement precautions and interventions to prevent falls was a breach of the recognized standard of acceptable professional practice in the profession of nursing care under the Tennessee Health Care liability law, **Tenn. Code Ann. § 29-26-115**, thereby causing the injury and damages from the PATIENT ENLOW's fall on September 30, 2020.

## ORDINARY NEGLIGENCE PREMISE LIABILITY

**18.** The injury and damages were caused by the negligent and wrongful conduct, acts and omissions of the employees, and all persons acting in an official capacity on behalf, of the U.S. Department of Veterans Affairs (the "VA") in the operation, maintenance and inspection of the patient room facilities at the VA Hospital under the VA's Tennessee Valley Healthcare System at 1310 24th Avenue South in Nashville, Davidson County, Tennessee.

**19.** The negligence and breach by said employees in the Environmental Management Services of the said VA Hospital to exercise reasonable care in the operation and maintenance of the patient bathroom facilities caused the injury and damages from the PATIENT ENLOW's fall on September 30, 2020.

**20.** **<u>Damages</u>**. As a result of, and proximately caused by, the injury from the fall on September 30, 2020, the PATIENT ENLOW suffered mental and physical pain and suffering, and a loss of the ability to enjoy life, during his final days prior to his death on March 21, 2021.

**21.** **<u>Certificate of Good Faith</u>**. Although not procedurally required under the Federal Rules of Procedure, the Plaintiff has attached a Certificate of Good Faith as **Exhibit A** in the commencement of this action pursuant to **Tenn. Code Ann. § 29-26-122**.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant in the sum of $250,000.00 for compensatory damages together with all costs of this action, discretionary or otherwise, as allowed by law.

Respectfully submitted,


/s/Gary D Copas
Gary D. Copas TN BPR #3608
**Attorney for the Plaintiff**
P.O. Box 190137
Nashville, Tennessee 37219-0137
(615) 305-6900
*Registered CM/ECF e-mail address*:
copasatty@aol.com